[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (NO. 113)
This action was returned to this court on October 2, 1992 and arises out of an automobile accident which occurred on August 25, 1990. The plaintiff was a passenger in an automobile operated by her husband, the defendant herein. The motor vehicle operated by the defendant was involved in a two car collision which was allegedly caused in part by a third phantom car that was never identified.
The plaintiff's one count complaint sounding in negligence dated August 19, 1992 is the subject of the defendant's motion for summary judgment, which was filed on May 9, 1994. Attached to motion was a supporting memorandum of law and two exhibits consisting of a copy of the police report and excerpts from the plaintiff's deposition. The plaintiff filed a memorandum in opposition to the motion on May 17, 1994 together with excerpts of the plaintiff's deposition.
A motion for summary judgment should be granted when ". . .the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Scintov. Stamm, 224 Conn. 524, 530 (1993). The trial court must view the evidence in the light most favorable to the nonmoving party and the motion for summary judgment should be supported by "affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." (Practice Book § 380.)
The plaintiff, in her memorandum in opposition to the defendant's motion, argues that her deposition testimony reveals the existence of material issues of fact. Specifically, the plaintiff has testified that the defendant was driving 60 miles per hour, a violation of the speed limit. General Statutes § 52-200 provides: "When either party in any action has obtained from the other party a disclosure, respecting the matters alleged in any pleading, the disclosure shall not be deemed conclusive, but may be contradicted like any other testimony." Because deposition testimony does not constitute a judicial admission (since the deponent may testify differently at trial), the court cannot rely on this evidence to conclude that no material fact CT Page 6729 exists and that as a matter of law the plaintiff cannot prove her case. Also, the police action report is not sufficient to prove the nonexistence of material issues of fact.
Accordingly, the motion for summary judgment (docket number 113) is hereby denied.
EDDIE RODRIGUEZ, JR., JUDGE